DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
ANDREW GSCHWIND, State Bar #231700
Deputy City Attorney
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3973
Facsimile:     (415) 554-4248
andrew.gschwind@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVIO "ROB" ROSSI,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CHRISTINA BALESTRIERI, an individual, ERNIE MENDIETA, an individual, CHRISTY HENZI, an individual, and DOES 1 through 20,<br><br>　　　Defendant(s). | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1441 and 1446; STATEMENT OF JURISDICTION**<br><br>(Federal Question Jurisdiction) |

TO THE CLERK OF THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF LIVIO ROSSI AND HIS COUNSEL:

NOTICE IS HEREBY GIVEN that Defendant City and County of San Francisco ("the "City"), a defendant in the above-captioned action in California Superior Court, County of San Francisco, Case No. CGC 14-536678, hereby files in the United States District Court for the Northern District of California, a Notice of Removal of said action to said United States District Court, pursuant to 28 U.S. C. §1441, and is filing in said Superior Court a Notice of Removal.

## STATE COURT ACTION

On January 8, 2014 Plaintiff Livio Rossi commenced a civil action in the Superior Court of California, in and for the City and County of San Francisco, Case No. CGC-14-536678. A copy of the summons and complaint filed in San Francisco Superior Court was received by Defendant City on May 9, 2014, and is attached hereto as Exhibit A. Defendant City filed its Answer in the Superior Court on June 4, 2014. A copy of this Answers is attached hereto as Exhibit B.

## JURISDICTION

Where a defendant is sued in a state court for alleged federal civil rights violations, the defendant has the option of defending in the state court or removing the proceeding to federal court pursuant to 28 U.S.C. §1441(b). Section 1441(b) provides in relevant part:

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Section 1441(a) states that the proper venue upon removal is to the district court "for the district and division embracing the place where such state action is pending." 28 U.S.C. §1441(a). Section 1446(b) provides that the notice of removal "may be filed within thirty days after receipt by defendant. . . of a copy of an amended pleading, motion . . . or other paper from which it may first be ascertained that the case is one which is or has become removable. . ."

The above-described Complaint presents a civil action of which this court has original jurisdiction under 28 U.S.C. §1331, in that Plaintiff alleges a violation of Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. Defendant City files this Notice within 30 days after receipt of the Complaint by the first defendant served in this action pursuant to Section 1441(a) and 1446(b).

To the extent that Plaintiff's complaint alleges a claim or cause of action other than violations of rights under the laws of the United States, said cause(s) of action may be removed and adjudicated by this Court pursuant to 28 U.S.C. §1441(c).

WHEREFORE, Defendant City prays that the above action now pending in the Superior Court of the State of California in and for the City and County of San Francisco be removed in its entirety to

//

1 | this Court for all further proceedings, pursuant to 28 U.S.C. § 1441, *et. seq.*

2

3 | Dated: June 9, 2014

4 | DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON

5 | Chief Labor Attorney
ANDREW GSCHWIND

6 | Deputy City Attorney

7

8

By: _ /s/ Andrew Gschwind

9 | ANDREW GSCHWIND

10 | Attorneys for Defendant
CITY & COUNTY OF SAN FRANCISCO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

01/08/2014   18:01                                                                                    #1183 P.002/002

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY AND COUNTY OF SAN FRANCISCO; CHRISTINA BALESTRIERI,
an individual; ERNIE MENDIETA an individual; CHRISTY HENZI
an individual and DOES 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LIVIO "ROB" ROSSI

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco County Superior Court
Civic Center
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
CGC-14-536678

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mary Shea Hagebols(113222);Shea Law Offices,1814 Franklin St,Ste800,Oakland,CA,94612;(510)208-4422

DATE: January 8, 2014          CLERK OF THE COURT       Clerk, by    Deborah Steppe    , Deputy
*(Fecha)*                      *(Secretario)*                                           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): City and County Of San Francisco

    under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [X] other (specify): Public Entity
4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

## SUMMONS

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

103M691512228.tif - 1/8/2014 2:47:08 PM

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Mary Shea Hagebols (SBN 113222)
SHEA LAW OFFICES
1814 Franklin Street, Suite 800
Oakland, CA 94612
TELEPHONE NO.: (510) 208-4422      FAX NO.: (415) 520-9407
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center

CASE NAME:
Livio "Rob" Rossi v. City and County of San Francisco, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-14-536678 |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 11
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 8, 2014

Mary Shea Hagebols
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ENDORSED FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT
2014 JAN -8 PM 3: 54
CLERK OF THE COURT
BY: _____ DEPUTY CLERK
Deborah Steppe

BY FAX

103M591512549.tif - 1/8/2014 2:49:23 PM

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

103M591512549.tif - 1/8/2014 2:49:23 PM

01/08/2014   16:25   #1185   P.002/028

1   Mary Shea Hagebols (SBN 113222)
    SHEA LAW OFFICES
2   1814 Franklin Street, Suite 800
    Oakland, California 94105
3   Tel: 510-208-4422
    Fax: 415-520-9407
4   mary@shealaw.com

5   Attorneys for Plaintiff Livio "Rob" Rossi

6

7                        SUPERIOR COURT OF CALIFORNIA

8                        COUNTY OF SAN FRANCISCO

9                        (CIVIL — UNLIMITED JURISDICTION)

10

11

12   LIVIO "ROB" ROSSI,                  Case No.: C G C - 1 4 - 5 3 6 6 7 8

13          Plaintiff,                   Complaint for Damages

14      vs.
                                         1) VIOLATION OF CALIFORNIA FAIR
15   CITY AND COUNTY OF SAN
                                            EMPLOYMENT AND HOUSING ACT
16   FRANCISCO; CHRISTINA BALESTRIERI,
                                            ("FEHA"): RETALIATION/FAILURE TO
     an individual; ERNIE MENDIETA an
17                                          REINSTATE
     individual; CHRISTY HENZI an individual;
18                                       2) Violation of the Family Rights Act
     and Does 1 through 20,
19                                          ("CFRA") and violation of the e
            Defendants
20                                          federal Family Medical Leave Act

21                                          ("FMLA")

22                                       3) INTERFERENCE WITH CFRA AND

23                                          FMLA

24                                       4) RETALIATION

25                                       5) VIOLATION OF CALIFORNIA FAIR

26                                          EMPLOYMENT AND HOUSING ACT

27                                          (HOSTILE WORK ENVIRONMENT

28                                          HARASSMENT):

                                    - 1 -
                         COMPLAINT FOR DAMAGES

                                             103M591516446.tif - 1/8/2014 3:19:56 PM

| | |
|---|---|
| 1 | 6) DISCRIMINATION BASED ON SEX |
| 2 | 7) VIOLATION OF CALIFORNIA FAIR |
| 3 | EMPLOYMENT AND HOUSING ACT: |
| 4 | FAILURE TO PREVENT DISCRIMINATION |
| 5 | AND HARASSMENT |
| 6 | 8) DEFAMATION |
| 7 | 9) VIOLATION OF CALIFORNIA LABOR |
| 8 | CODE § 1102.5 (RETALIATION FOR |
| 9 | WHISTLE-BLOWING) |
| 10 | 10) (DECLARATORY AND INJUNCTIVE |
| 11 | RELIEF) |
| 12 | |
| 13 | **Amount Demanded Exceeds $25,000** |
| 14 | **Demand for Jury Trial** |

15  COMES NOW Plaintiff Livio "Rob" Rossi and complains against

16  City and County of San Francisco; Christina Balestrieri, an individual; Ernie Mendieta an

17  individual; Christy Henzi  an individual; Does 1 through 20 as follows:

18

19  **INTRODUCTION**

20  1.      Plaintiff Livio "Rob" Rossi was an employee of the City and County to San

21  Francisco between the period July 2001 (date of hire) and November 26, 2012 when he was

22  wrongfully terminated for untrue and dishonest reasons.  The motivating reasons, if not the

23  motivating reason, for his termination was because Plaintiff Rossi engaged in whistle-blowing

24  activities regarding questionable recidivism rates being publicized by the Director of the

25  Department Wendy Still in order to generate state and federal funding for his department and

26  further his personal and professional reputation. After Plaintiff questions the recidivism rates that

27  were being document and then being publicized by the Director, Plaintiff was subjected to false

28  charges and unlawfully terminated, in part, in retaliation for making internal complaints that

- 2 -
COMPLAINT FOR DAMAGES

103M591516446.tif - 1/8/2014 3:19:56 PM

1   effectively challenged the inaccurate public reporting of the department's recidivism rates; the

2   reports required to obtain grant funding available for the department under Penal Code Section

3   1230 through 1233.4. By showing lower recidivism rates, Chief Still was able to justify her

4   appointment to the position of Director, received public accolades and the department received

5   more money. It appears that these lower recidivism rates were not true, the accolades

6   unfounded and the money obtained based on untrue data.

7        2.        The further motivating reason, if not the motivating reason, for his termination

8   was that he was a male working a increasingly female dominated environment where there was

9   improper favoritism toward females that was affirmatively encouraged or otherwise ratified by

10  Director Wendy Still and her team in all areas including hiring, training, promotion, professional

11  opportunities and overall treatment.

12       3.        Plaintiff Rossi was subjected to a horrific and continuing defamation campaign

13  (in an effort to silence Plaintiff, and apparently send a message to other worker that they should

14  not speak out, regarding Plaintiff's discovery and questioning about apparent incorrect

15  recidivism rates were apparently being improperly reported). As part of this defamation

16  campaign, Plaintiff was falsely accused of deceit and making untruthful statements, falsely

17  accused of violating CCSF policies and procedures and other wise falsely accused of engage in

18  acts of misconduct

19       4.        Plaintiff Livio "Rob" Rossi Specifically, was brought up on false and untrue

20  charges and then terminated a few short weeks of his identifying and reporting what it now

21  appears is intentionally false reporting reports of recidivism rates.

22       5.        Between the period Plaintiff was hired until April 10, 2012, Plaintiff had very

23  good performance reviews (exceeds expectations) and was never disciplined.

24

25                                              **PARTIES**

26       6.        Plaintiff Livior "Rob" Rossi is male and was a permanent deputy probation

27  officer in the Adult Probation Department (APD) in the City and County of San Francisco

28  between July 2001 until he was wrongfully terminated on November 26, 2012.

7.      Defendant City and County of San Francisco, State of California (hereinafter as "Defendant CCSF" or "CCSF"), is a political subdivision of the State of California located within California.

8.      Plaintiff Rossi is informed and believes that Defendant CHRISTY HENZI is an employee of Defendant CCSF and at all relevant times was employed in a supervisory capacity for Defendant CCSF. Plaintiff Rossi is further informed and believes that Defendant HENZI, and at all relevant times was, a resident of California.

9.      Plaintiff Rossi is informed and believes that Defendant CHRISTINA BALESTRIERI is an employee of Defendant CCSF and at all relevant times was employed in a supervisory capacity for Defendant CCSF. Plaintiff Rossi is further informed and believes that Defendant CHRISTINA BALESTRIERI, and at all relevant times was, a resident of California.

10.     Plaintiff Rossi is informed and believes that Defendant ERNIE MENDIETA is an employee of Defendant CCSF and at all relevant times was employed in a supervisory capacity for Defendant CCSF. Plaintiff Rossi is further informed and believes that Defendant MENDIETA, and at all relevant times was, a resident of California.

11.     Each of the fictitious Defendants Does 1 through 20, inclusive, are sued pursuant to California Code of Civil Procedure Section 474, because Plaintiff Rossi does not know their names and/or capacities at this time. Plaintiff Rossi will seek leave of the Court to amend this Complaint when the true names and capacities of the Defendants designated herein as "Does" have been reasonably ascertained.

12.     Each Defendant is sued as a joint tortfeasor, co-conspirator, officer, and/or agent of every other Defendant, acting within the course and scope of such status, relationship, conspiracy and/or agency unless otherwise specified.  Reference made in this Complaint to "Defendants" shall be deemed to mean the acts of each and all Defendants acting jointly and/or severally and/or as joint tortfeasors and/or co-conspirators acting in furtherance of an illegal targeted goal unless otherwise stated.

13.     Individual Defendants are being sued for conduct that was outside the course and scope of any governmental immunity that may otherwise attach.

- 4 -

103M591516446.tif - 1/8/2014 3:19:56 PM

14.     Defendants, and each of them, were at all material times an "employer" or "supervisor" within the meaning of California Government Code Section 12926(d), and as such were bound by the California Fair Employment and Housing Act (California Government Code Section 12900 et seq.) (hereinafter, "California Fair Employment and Housing Act" or "FEHA"), prohibiting them from discrimination, harassment or retaliation against any employee based on sex or disability, and requiring them to take all reasonable steps necessary to prevent discrimination and harassment from occurring and to reasonably accommodate an employee's disability, including taking immediate and appropriate corrective action in response to unlawful conduct under the California Fair Employment and Housing Act.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction under California Code of Civil Procedure section 410.10, in that this is a civil action where the matter in controversy, exclusive of interest and costs, exceeds $25,000.00.

16.     Venue is proper in that some or all of the acts complained of occurred in the County of San Francisco, California.

## EXHAUSTION OF REMEDIES

17.     Plaintiff Rossi filed charges with the California Department of Fair Employment and Housing and received the requisite "Right-to-Sue" notices that were served on Defendants. Plaintiff Rossi also filed appropriate claims pursuant to the California Government Claims Acts and received the "Notice of Actions upon Claim" advising that he may proceed with the civil actions.

## CONTINUING VIOLATIONS/ TOLLING/RELATION BACK DOCTRINE

18.     The acts and omissions alleged herein are "continuing" in nature as of the date of filing this Complaint. Plaintiff reserves the right to amend this Complaint as new and additional facts and claims arise or become known to Plaintiff. Plaintiff furthers alleges that given the totality of the circumstances as alleged here, all claims should be tolled and relate back to at least

1  January 2011 as Plaintiff was pursuing internal and administrative remedies at CCSF, among
2  other reasons which legally and equitably support tolling.

4  ## SUMMARY OF FACTS

6  19.  Plaintiff Livio ("Rob") Rossi complains against the City and County of San
7  Francisco Adult Probation Department and the following individual Defendants Christina
8  Balestrieri, Christy Henzi and Ernie Mendieta.

9  20.  Plaintiff Rossi was a hard working and loyal probation officer for over twelve
10  (12) years up until the point where he was subjected to a campaign of retaliation, discrimination
11  and harassment that culminated in a heartless termination on November 26, 2012 that was based
12  on false and untrue reasons.

13  21.  Plaintiff Rossi was unlawfully terminated for, among other motivating reasons,
14  retaliation for making internal complaints that effectively challenged the public reporting of the
15  departments recidivism rates (the reports that are required to obtain funding for the department).
16  In short, Plaintiff Rossi noted that incorrect reports that were being published to the government
17  to obtain more funding (i.e., they understated the recidivism rates), and for which Director
18  Wendy Still received public accolades in the press, These reports were not accurate because the
19  recidivism rates were much higher than Director Wendy Still was reporting (deficiencies in
20  reports being entered in the data base made for incorrect statistical reports).

21  22.  In addition, Plantiff Rossi was a direct victim of favoritism by female
22  management toward female subordinates, and against men, in violation of the rules and
23  ordinances of the City and County of San Francisco, City and County of San Francisco
24  Department of Human Resources Employee Handbook, the California Fair Employment and
25  Housing Act. In particular, Christy Henzi with apparent authorization and ratification of
26  Director Wendy Still and the CCSF has treated Rossi (and other males) differently than similarly
27  situated females. For example,

28

-6-

a. Defendant CCSF distributed less complicated cases to females and overloaded Rossi (and other males) with cases having lower recidivism rates and serious offenders (300 reports);

b. Defendant Henzi chose females to go out in the field with her over males thereby increasing their experience and training to the detriment of Rossi and other males;

c. Defendant Henzi spends more time with female employees on case conferences thus giving them favorable treatment and training to the detriment of Rossi and other males;

d. Defendant Henzi took away Shawn T. (an inmate that was assigned to Rossi), because of a special documentary that was being done on KQED and assigned it to Ms. Wanser (a female). This special documentary can be viewed on YouTube.

e. Defendant Henzi ignored Rossi's text messages;

f. Defendant Henzi would berate and humiliate Rossi outside the presence of other people;

g. Defendant Henzi retaliated against Rossi because he asserted rights under FMLA and California Family Rights Act to assist as a caregiver relative to a seriously ill family member;

h. Defendant Henzi put undo pressure on a subordinate (Defendant Christina Ballisteri) to write a false statement about Rossi a month after the tapping incident occurred and giving her favors in return;

i. Allowing a female to complete her internship during work hours every Wednesday;

- 7 -

103M591516446.tif - 1/8/2014 3:19:56 PM

j.  Allowing a female to be excused from OD Duties to help Defendant Henzi transport a male to another County because he had a warrant in that court.  This was unnecessary.

k.  Holding Plaintiff Rossi to a higher standard of accountability than his female counterparts;

l.  Giving Plaintiff Rossi inconsistent directives that change from day to day creating confusion and setting him up for failure;

m.  Defaming Plaintiff Rossi's reputations and good name including falsely accusing him of the hurtful and salacious accusation of "workplace violence";

n.  Destroying Plaintiff Rossi's credibility with fellow officers;

o.  Isolating Plaintiff Rossi from his unit thus undermining teamwork;

p.  Ordering Plaintiff Rossi to only go through her (Defendant Henzi) regarding arrests;

q.  Ordering Plaintiff Rossi to only go through her (Defendant Henzi) for any and all corrections on reports

r.  No availability of manager to discuss case conferences thus undermining Rossi and others males work performance and productivity;

s.  Falsely accused Plaintiff Rossi of harassing Defendant Balistreri during pepper spray training and Rossi requested an investigation.

23.    Rossi has been informed that Henzi "had it in for" Rossi and did not want him the unit.

24.     On May 10, 2012 and thereafter, Rossi also suffered discrimination and retaliation in violation of the Family Rights Act ("CFRA") and violation of the e federal Family Medical Leave Act ("FMLA") because Rossi asserted his rights to act as a caretaker in the face of a serious family medical emergency.  Specifically, Plaintiff Rossi reported Defendant Henzi that his father-in-law had been rush to hospital and Rossi had to step into care for his family.  Henzi approved the time off.  Under this scenario, Plaintiff had a right to immediate leave under CFRA/FMLA.  Despite, Henzi to providing Rossi with the brief emergency leave, she failed to took over coverage of his work.  Instead, Henzi blamed Rossi for a custody issue that she should have been responsible for handling once Rossi reported his medical emergency.  Apparently, in effort to cover up her own unlawful actions, Henzi blamed Rossi.

25.     When Plaintiff Rossi stood up for himself, Defendant Henzi proceeded to retaliate further by solicited complaints from Christina Balistreri and Ernie Mendieta in a campaign to get Rossi fired.

26.     Despite the City and County of San Francisco's own human resources department's expressed concerned that this disciplinary actions that Wendy Still and Defendant Christy Henzi were pursuing were frivolous, Defendant CCSF failed to take any action to prevent discrimination, harassment and retaliation of plaintiff and allowed Still and Defendant Henzi to charge ahead with vindictive and defamatory attack on Rossi including pressuring subordinates Defendants Christina Balistreri and Ernie Mendieta to make defamatory statements about Rossi.

27.     Similarly situated employees have not been subjected to this campaign of discrimination, harass retaliation and defamations. Indeed, there are many other employees who have done far worse in the department with any consequence at all. Indeed, probation officers have done far worse and were not disciplined, much less terminated.

## WHISTLE-BLOWING ALLEGATIONS

28.     Plaintiff Rossi was a permanent deputy probation officer in the Adult Probation Department (APD) in the City and County of San Francisco between July 2001 and November 26, 2012. I was wrongfully terminated in retaliation for objecting to false information in APD

- 9 -
COMPLAINT FOR DAMAGES

1  reports regarding recidivism rates in the APD. Plaintiff Rossi believe one of the motivating

2  reasons, if not the motivating reason, Plaintiff Rossi was terminated was because Plaintiff Rossi

3  objected to the false reporting of recidivism rates.

4         29.    Plaintiff Rossi was brought up on specious charges and then terminated after

5  identifying and reporting false recidivism rates. Plaintiff Rossi believe this series of events

6  occurred to silence me (and chill others from speaking out) because Plaintiff Rossi unearthed the

7  fact that APD was reporting inaccurate recidivism rates to obtain state money and federal grants.

8         30.    Between the period Plaintiff Rossi was hired until April 10, 2012, Plaintiff Rossi

9  had very good performance reviews (exceeds expectations) and was never disciplined. Plaintiff

10  Rossi was subjected to false charges and unlawfully terminated, in part, in retaliation for making

11  internal complaints that effectively challenged the inaccurate public reporting of the department's

12  recidivism rates, the reports required to obtain grant funding available for the department under

13  Penal Code Section 1230 through 1233.4. By showing lower recidivism rates, APD received

14  public accolades and additional funds. The lower recidivism rates are not true, the accolades

15  unfounded and the money was obtained based on inaccurate data.

16         31.    As early as the end of April 2012 and the middle of May 2012, Plaintiff Rossi

17  complained to Division Director Ernie Mendieta and Unit Supervisor Christy Henzi numerous

18  times that statistical data regarding the CR-300 Reports and the Flash Incarceration Reports were

19  being under reported on the Realignment Excel Spreadsheet. The spreadsheets were therefore not

20  correct. This is significant because other officers were relying on the information on the

21  spreadsheet to be accurate in order to reconcile their statistics at the end of the month. In my

22  case, Plaintiff Rossi complained to administration about these issues.

23         32.    Plaintiff Rossi began to notice that the reports that Plaintiff Rossi had written in

24  the previous month regarding the CR-300 Reports and the Flash Incarceration Reports, which

25  had been placed on the spreadsheet, were no longer showing up on the spreadsheet a few weeks

26  later.

27         33.    In June of 2012, an intern working in Adult Probation who wanted to work on a

28  permanent basis for APD, started an audit of everyone's caseload in the realignment unit.

    Plaintiff Rossi believe that the intern was given every indication that she was highly regarded

- 10 -

COMPLAINT FOR DAMAGES

1   and was encouraged to pursue employment with APD.  Plaintiff Rossi also believe that she

2   started the audit at the request of administration. The intern found under-reported recidivism

3   rates or incorrect information on the realignment statistical spreadsheet for my caseload and

4   other caseloads.  The audit information - showing that the recidivism rates were higher than

5   being reported - was provided to Supervisor Henzi.  Instead of correcting the spreadsheet, the

6   lower recidivism rates continued to be recorded on the APD spreadsheet. The intern's notes

7   supported my statements to Defendants Mendieta and Henzi regarding the inaccurate, false data

8   being placed into official APD reports.

9       34.     The intern completed her caseload audit at the end of June 2012 and left to go on

10  vacation for a month.  Plaintiff Rossi believe that when she returned she was informed that she

11  did not have a future with APD.

12      35.     In middle of July 2012, Plaintiff Rossi conducted my own case audit and found

13  more under-reported information.  Plaintiff Rossi immediately alerted my supervisor, Ms. Henzi,

14  again, that there were discrepancies in the CR-300 Reports and the Flash Report developed by

15  the Adult Probation Department and that data from the Adult Probation Department's case

16  management system and spreadsheets for Post Release Community Supervision individuals was

17  not accurate and was substantially below the actual recidivism rates.

18      36.     It was around this same time period, and after Plaintiff Rossi had spoken out

19  about the discrepancies in the recidivism data being reported to the state and federal government

20  to obtain additional funds, that Plaintiff Rossi was set up for termination for untrue and baseless

21  grounds.  Plaintiff Rossi was terminated on November 26, 2012.  Plaintiff Rossi am in the

22  process of grieving this termination with the union and pursing civil claims for other statutory

23  violations not covered by the collective bargaining agreement.

24      37.     In December 2012, the Adult Probation Department reported a 40% recidivism

25  rate to the San Francisco Controller's Office for a one year period ending on September 30, 2012.

26  The 40% recidivism rate cannot be substantiated and is false.  Plaintiff Rossi believe that APD,

27  by knowingly providing false recidivism rates to the state and federal government to obtain

28  additional funds, has violated the law and that Plaintiff Rossi was terminated from my position as

a deputy probation officer for reporting these violations.

- 11 -

COMPLAINT FOR DAMAGES

38.     Plaintiff Rossi believe that the actions of the Adult Probation Department in submitting false recidivism information to obtain state and federal funds may constitute a violation of the State of California False Claims Act (Govt. Code §12650 et seq.) and the federal False Claims Act (31 U.S.C. §3729).  Plaintiff Rossi hereby request that this matter be investigated promptly by the Office of the Controller or by referral to any other appropriate department or office including the San Francisco District Attorney, the San Francisco Ethics Commission, the State of California Attorney General or the United States Attorney.

## FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"):
### RETALIATION/FAILURE TO REINSTATE

(Against Defendants CCSF and DOES 1 to 20)

39.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint.  As a separate and distinct cause of action, Plaintiff complains against Defendants CCSF and DOES 1 to 20, and each of them, as follows:

40.     California Government Code § 12940(h) prohibits an employer from taking any adverse action against a person because the person has opposed or filed a complaint about any practices forbidden under the Fair Employment and Housing Act.

41.     The conduct of Defendants as alleged above represents unlawful retaliation in violation of California Government Code § 12940(h). In particular, Defendants CCSF and DOES 1 to 20 retaliated against Plaintiff for having engaged in protected activity by making formal complaints of discrimination and harassment.  In addition, Defendants refused to reinstate Plaintiff despite her repeated requests and assertions that she was capable of performing her job with reasonable accommodation.

42.     As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial damages including losses in earnings, bonus compensation, seniority, retirement and other employment benefits in an amount to be proven at trial.

103M591516446.tif - 1/8/2014 3:19:56 PM

43.     As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has
suffered and continues to suffer humiliation, embarrassment, mental, emotional distress and
discomfort, all to Plaintiff's detriment in an amount to be proven at trial.

44.     By reason of Defendants' unlawful conduct, and in order to enforce her important
rights, Plaintiff has incurred and will incur legal expenses including attorneys' fees and costs to
remedy the wrongs perpetrated by Defendants and each of them.  Plaintiff is therefore entitled to
reasonable attorneys' fees and costs as a matter of law pursuant to, *interalia*  California Code of
Civil Procedure § 1021.5, Government Code § 12900 et seq. and California Labor Code § 2968.

WHEREFORE, Plaintiff requests relief as herein set forth in the Prayer.

## SECOND CAUSE OF ACTION

### DISCRIMINATION BECAUSE OF EXERCISE OF CFRA & FMLA RIGHTS

### Against Defendants CCSF and Does 1-25

72.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the
Complaint as though fully set forth herein.  Plaintiff alleges this claim against Defendants CCSF
and Does 1-25

73.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs  the
Complaint as though fully set forth herein.

74.     At all times material hereto the CFRA and the FMLA were in full force and effect
and were binding upon Defendants, and each of them.  Said statutes required Defendants, and
each of them, and their employees and agents, to not discriminate against or discharge Plaintiff
because she had exercised her right to medical leave protected by the CFRA and the FMLA.

75.     Plaintiff is informed and believes, and on that basis alleges, that the acts of
Defendants, and each of them, in terminating Plaintiff from his employment after the exercise of
his right to take a medical leave is an unlawful employment practice in violation of the CFRA
and the FMLA.

76.     Plaintiff is further informed and believes that Defendants, and each of them, have
a pattern and practice in discriminating against employees with disabilities who avail of the

- 13 -

COMPLAINT FOR DAMAGES

103M591516446.tif - 1/8/2014 3:19:56 PM

1   right to take a medical leave of absence for such disabilities.

2       77.    As a proximate and legal result of Defendants', and each of their, wrongful

3   conduct as alleged herein, Plaintiff sustained damages from the loss of his employment from

4   loss of past and future earnings and other employment benefits, from loss of all other rights and

5   benefits which normally exist with fair employment, but which were denied to his by

6   Defendants, and each of them, all in an amount in excess of the minimum jurisdiction of this

7   court and according to proof.

8       78.    As a proximate and legal result of Defendants', and each of their, wrongful

9   conduct as alleged herein, Plaintiff suffered emotional distress damages in an amount in excess

10  of the minimum jurisdiction of this court and according to proof.

11      79.    In doing the acts alleged herein, Defendants, and each of them, acted

12  intentionally, oppressively and maliciously toward Plaintiff with advance knowledge and

13  conscious disregard of Plaintiff's rights, or the consequences to Plaintiff, or did authorize or

14  ratify such intentional, oppressive and malicious acts, with the intent of depriving Plaintiff of

15  property and legal rights and otherwise causing Plaintiff injury. Because the acts taken toward

16  Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, and

17  intentional manner in order to inure and damage Plaintiff, Plaintiff therefore requests the

18  assessment of punitive damages.

19      80.    Plaintiff claims prejudgment interest on all said amounts, at the rate set by law, in

20  an amount to be proven at the time of trial.

21      81.    Plaintiff also claims attorneys' fees and costs incurred pursuant to the CFRA and

22  the FMLA.

23

24              **THIRD CAUSE OF ACTION**

25          **Interference with Rights under CFRA and FMLA**

26              **Against all Defendants and Does 16-20**

27

28      82.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the

    Complaint as though fully set forth herein.

- 14 -

COMPLAINT FOR DAMAGES

103M591516446.tif - 1/8/2014 3:19:56 PM

83.    Plaintiff re-alleges and incorporates by reference paragraphs 1-97 of the Complaint as though fully set forth herein.

84.    Plaintiff is informed and believes, and on that basis alleges, that at all times material hereto Defendants, and each of them, employed more than 50 persons within 75 miles of Plaintiff's work site.

85.    At all times material hereto, Plaintiff was an employee eligible to take CFRA and FMLA leave as set forth in California Government Code § 12945.2(a) and 29 U.S.C. §§ 2601 et seq.

86.    At all times material hereto, Defendants, and each of them, was an employer as set forth by the CFRA, California Government Code § 12945.2(c)(2)(A) and the FMLA, 29 U.S.C. § 2611(4)(A).

87.    Plaintiff requested a CFRA/FMLA leave for his own serious health condition.

88.    At all times material hereto, Defendants, and each of them, were aware that Plaintiff's leave was for a serious health condition.

89.    At all times material hereto, the CFRA and the FMLA were in full force and effect and were binding upon Defendants, and each of them.  Said statutes required Defendants, and each of them, and their employees and agents to grant Plaintiff's leave for a medical leave for a serious health condition with a guarantee of employment in the same or a comparable position upon the termination of the leave.

90.    Plaintiff is informed and believes, and on that basis alleges, that the acts of Defendants in failing to return his to his same or a comparable position  upon the termination of his medical leave is an unlawful employment practice in violation of the CFRA and the FMLA.

91.    Plaintiff is further informed and believes that Defendants, and each of them, have a pattern and practice of discrimination against employees with disabilities who avail of the right to take a medical leave of absence for such disabilities.

92.    As a proximate and legal result of Defendants', and each of their, wrongful conduct as alleged herein, Plaintiff sustained damages from the loss of his employment, from loss of past and future earnings and other employment benefits, from loss of all other rights and

- 15 -

103M591516446.tif - 1/8/2014 3:19:56 PM

1   benefits which normally exist with fair employment, but which were denied to his by

2   Defendants, and each of them, all in an amount in excess of the minimum jurisdiction of this

3   court and according to proof.

4       93.     As a proximate and legal result of Defendants', and each of their, wrongful

5   conduct as alleged herein, Plaintiff suffered emotional distress damages in an amount in excess

6   of the minimum jurisdiction of this court and according to proof

7       94.     Plaintiff claims prejudgment interest on all said amounts, at the rate set by law, in

8   an amount to be proven at the time of trial.

9       95.     Plaintiff also claims attorneys' fees and costs incurred pursuant to the CFRA and

10  the FMLA.

11

12                          **FOURTH CAUSE OF ACTION**

13                                   **Retaliation**

14                        **Against All Defendants and Does 1-20**

15      99.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the

16  Complaint as though fully set forth herein.

17      100.    Plaintiff engaged in protected conduct recognized by the FEHA, Title VII, ADA,

18  CFRA and FMLA, as set forth above.

19      101.    At all times material hereto, the FEHA, Title VII, ADA, CFRA and FMLA were

20  in full force and effect and were binding upon Defendants, and each of them. Said statutes

21  required Defendants, and each of them, and their employees and agents, to refrain from

22  retaliating against any employee because of the exercise of his right to complain about

23  discrimination/harassment/hostile work environment, for taking a CFRA/FMLA medical leave

24  of absence, and because an employee had a disability within the meaning of the FEHA and the

25  ADA.

26      102.    Notwithstanding the statutory prohibition against retaliation contained in the

27  FEHA, Title VII, ADA, CFRA and FMLA, Defendants, and each of them, retaliated against

28  Plaintiff by terminating his employment.

- 16 -

COMPLAINT FOR DAMAGES

103M591516446.tif - 1/8/2014 3:19:56 PM

103.     Plaintiff is informed and believes, on that basis alleges, that in addition to the conduct enumerated above, Defendants, and each of them, have engaged in other retaliatory actions against Plaintiff which are not yet fully known.  At such time as said discriminatory practices became known to his, Plaintiff will seek leave of this Court to amend this Complaint.

104.     Plaintiff is further informed and believes that Defendants, and each of them, have a pattern and practice of retaliating against employees who report sex discrimination/harassment/hostile work environment, and employees with disabilities who avail of the right to take a medical leave of absence for such disabilities.

105.     As a proximate and legal result of Defendants'', and each of their, wrongful conduct as alleged herein, Plaintiff sustained damages from the loss of his employment, from loss of past and future earnings and other employment benefits, from loss of all other rights and benefits which normally exist with fair employment, but which were denied to his by Defendants, and each of them, all in an amount in excess of the minimum jurisdiction of this court and according to proof.

106.     As a proximate and legal result of Defendants', and each of their, wrongful conduct as alleged herein, Plaintiff suffered emotional distress damages in an amount in excessive of the minimum jurisdiction of this court and according to proof.

107.     Plaintiff claims prejudgment interest on all said amounts, at the rate set by law, in an amount to be proven at the time of trial.

108.     Plaintiff also claims attorneys' fees and costs incurred.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT:

### DISCRIMINATION BASED ON SEX

(Against Defendants CCSF,  and DOES 1 through 20)

45.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint.  As a separate and distinct claim for relief, Plaintiff complains against Defendants CCSF and DOES 1 through 20 as follows:

- 17 -

103M591516446.tif - 1/8/2014 3:19:56 PM

46.     California Government Code Section 12940(a) prohibits any employer or person from discriminating against any employee in the terms, conditions or privileges of employment, on account of that employee's sex.

47.     The continuing conduct of Defendants CCSF, and DOES 1 through 20 toward Plaintiff, as described above, constituted discrimination on the basis of sex and disability as prohibited by Government Code Section 12940(a).

48.     As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial damages including losses in earnings, bonus compensation, seniority, retirement and other employment benefits in an amount to be proven at trial.

49.     As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental, emotional distress and discomfort, all to Plaintiff's detriment in an amount to be proven at trial.

50.     By reason of Defendants' unlawful conduct, and in order to enforce his important rights, Plaintiff has incurred and will incur legal expenses including attorneys' fees and costs to remedy the wrongs perpetrated by Defendants and each of them. Plaintiff is therefore entitled to reasonable attorneys' fees and costs as a matter of law pursuant to, *interalia* California Code of Civil Procedure § 1021.5, Government Code § 12900 ct seq. and California Labor Code § 2968.

WHEREFORE, Plaintiff requests relief as herein set forth in the Prayer.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT:

### SEXUAL HARASSMENT

(Against All Defendants except Balestrieri)

51.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct claim for relief, Plaintiff complains against all Defendants except Balestrieri and each of them as follows:

103M591516446.tif - 1/8/2014 3:19:56 PM

52.     California Government Code Section 12940(j) prohibits an employer or person from harassing an employee on the basis of sex.  Government Code Section 12940(j) also requires an employer who knows or should have known of this harassment, such as Defendants CCSF and , to take immediate and appropriate corrective action to stop such harassment and to take all reasonable steps to prevent harassment from occurring.

53.     In doing the acts and omissions set forth above, Defendants, and each of them, violated the California Government Code Section 12940(j) prohibitions against workplace harassment of employees based on their sex.

54.     As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial damages including losses in earnings, bonus compensation, seniority, retirement and other employment benefits in an amount to be proven at trial.

55.     As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental, emotional distress and discomfort, all to Plaintiff's detriment in an amount to be proven at trial.

56.     Additionally, individual Defendants Henzi and Mendieta engaged in acts outside the course and scope of their government employment and purported immunity, and committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive damages from individual Defendants Henzi and Mendieta.

57.     By reason of Defendants' unlawful conduct, and in order to enforce his important rights, Plaintiff has incurred and will incur legal expenses including attorneys' fees and costs to remedy the wrongs perpetrated by Defendants and each of them.  Plaintiff is therefore entitled to reasonable attorneys' fees and costs as a matter of law pursuant to, *interalia* California Code of Civil Procedure § 1021.5, Government Code § 12900 et seq. and California Labor Code § 2968.

WHEREFORE, Plaintiff requests relief as herein set forth in the Prayer.

103M591516446.tif - 1/8/2014 3:19:56 PM

## SEVENTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT: FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT

(Against Defendants CCSF and DOES 1 through 20)

58.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint.  As a separate and distinct claim for relief, Plaintiff complains against Defendants CCSF,  and Does 1 through 20 as follows:

59.     California Fair Employment and Housing Act, Government Code Section 12940(k) places on employers an affirmative, statutory obligation to take all reasonable steps to prevent unlawful discrimination and harassment from occurring against all employees, including Plaintiff,  as alleged herein.

60.     Defendants failed to take reasonable steps to ensure that discrimination and harassment would not occur in the workplace including against Plaintiff as alleged herein. Defendants' legal obligation included conducting neutral meaningful and effective investigations into complaints of sexual harassment, discrimination and retaliation and taking steps to prevent the harassment, discrimination and retaliation from continuing.

61.     As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial damages including losses in earnings, bonus compensation, seniority, retirement and other employment benefits in an amount to be proven at trial.

62.     As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental, emotional distress and discomfort, all to Plaintiff 's detriment in an amount to be proven at trial.

63.     By reason of Defendants' unlawful conduct, and in order to enforce his important rights, Plaintiff has incurred and will incur legal expenses including attorneys' fees and costs to remedy the wrongs perpetrated by Defendants and each of them.  Plaintiff is therefore entitled to reasonable attorneys' fees and costs as a matter of law pursuant to, *interalia* California Code of Civil Procedure § 1021.5, Government Code § 12900 et seq. and California Labor Code § 2968.

103M591516446.tif - 1/8/2014 3:19:56 PM

WHEREFORE, Plaintiff requests relief as herein set forth in the Prayer.

### EIGTH CAUSE OF ACTION

#### DEFAMATION

(Against All Defendants)

64.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. This claim is directed against all the Defendants, and each of them.

65.     Defendants made the untrue statements about Plaintiff. These statements included but were not limited to statements that Plaintiff was deceitful and violated policies and procedures. Plaintiff believes that Defendants told others the false and hurtful statement that. Defendants' comments about Plaintiff, effectively suggest that Plaintiff was dishonest, unfit, incompetent and not worthy of employment.

66.     Defendants made these and other knowingly false statements about Plaintiff to third parties. These false statements held Plaintiff in a false light.

67.     The statements were defamatory on their face in that the statements injured Plaintiff in respect to his profession by imputing to him general disqualification in those respects which his office and profession peculiarly required. These statements injured Plaintiff's reputation as to his occupation and profession and thus, constitute defamation *per se*.

68.     Plaintiff is informed and believes that the same false statements have been uttered and re-published by Defendants to date.

69.     All such statements were known by Defendants to be false at the time they were made. The statements made by Defendants, were widely disseminated to the public, and caused great damage to Plaintiff's reputation. Defendants intended for these statements to be so re-published.

70.     These statements implied that Plaintiff was dishonest and unfit for his job was a direct and proximate cause of injury to Plaintiff, and caused Plaintiff to be unable to secure reinstatement.

103M591516446.tif - 1/8/2014 3:19:56 PM

71.     These false statements and implications regarding Plaintiff were without privilege or immunity because of Defendants' knowledge that the claims were false and because they were made with malice.

72.     As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial damages including losses in earnings, bonus compensation, seniority, retirement and other employment benefits in an amount to be proven at trial.

73.     As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental, emotional distress and discomfort, all to Plaintiff's detriment in an amount to be proven at trial.

74.     Additionally, individual Defendants Henzi, Balestrieri and Mendieta and Does 1-25s engaged in acts outside the course and scope of their government employment and purported immunity, and committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages from these Defendants.

75.     By reason of Defendants' unlawful conduct, and in order to enforce his important rights, Plaintiff has incurred and will incur legal expenses including attorneys' fees and costs to remedy the wrongs perpetrated by Defendants and each of them. Plaintiff is therefore entitled to reasonable attorneys' fees and costs as a matter of law pursuant to, *interalia* California Code of Civil Procedure § 1021.5, Government Code § 12900 et seq. and California Labor Code § 2968.

WHEREFORE, Plaintiff requests relief as herein set forth in the Prayer.

## NINTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE § 1102.5

(Against Defendants)

76.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint.

- 22 -
COMPLAINT FOR DAMAGES

77.    Labor Code section 1102.5(c) prevents an employer from retaliating against an employee for the employee's refusal to participate in an activity that would result in a violation of state or federal statutes. As herein above alleged, Plaintiff complained. Plaintiff was subjected to false charges and unlawfully terminated, in part, in retaliation for making internal complaints that effectively challenged the inaccurate public reporting of the department's recidivism rates; the reports required to obtain grant funding available for the department under Penal Code Section 1230 through 1233.4. By showing lower recidivism rates, Chief Still received public accolades and the department gets more money. It appears that the problem is that these lower recidivism rates are not true and the accolades are unfound and the money is obtained based on untrue data.

78.    Plaintiff also made internal whistle blowing complaint to the CCFS controller's office.

79.    California Labor Code Section 1102.5 prohibits employer retaliation against an employee for disclosing information to a governmental agency (such as CCSF itself, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

80.    Thereafter, Defendants CCSF and, acting through its various employees, including the other Defendants retaliated against Plaintiff, as hereinabove alleged, including a continuing, connected series of retaliatory acts that continue to this date including refusal to reinstate Plaintiff will full back pay and benefits. Such actions by Defendants CCSF violated Labor Code Section 1102.5, in that they also constituted retaliation against Plaintiffs for reporting and complaining about the actions taken to punish his for exercising his constitutionally protected freedom of speech.

81.    As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial damages including losses in earnings, bonus compensation, seniority, retirement and other employment benefits in an amount to be proven at trial.

82.    As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental, emotional distress and discomfort, all to Plaintiff Faith's detriment in an amount to be proven at trial.

103M591516446.tif - 1/8/2014 3:19:56 PM

83. By reason of Defendants' unlawful conduct, and in order to enforce his important rights, Plaintiff has incurred and will incur legal expenses including attorneys' fees and costs to remedy the wrongs perpetrated by Defendants and each of them. Plaintiff is therefore entitled to reasonable attorneys' fees and costs as a matter of law pursuant to, *interalia* California Code of Civil Procedure § 1021.5, Government Code § 12900 et seq. and California Labor Code § 2968.

WHEREFORE, Plaintiff requests relief as herein set forth in the Prayer.

## TENTH CAUSE OF ACTION

### (DECLARATORY AND INJUNCTIVE RELIEF)

84. Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct supplemental claim for relief, Plaintiff complains against Defendants, and each of them, as follows:

85. For all the reasons set forth above, Plaintiff seeks a declaration from the Court an order enjoining Defendant CCSF as follows:

(a) Defendants violated Plaintiff's civil rights as alleged herein;

(b) Plaintiff was improperly terminated in violation of his civil rights;

(c) Defendants defamed Plaintiff maliciously and on a continuing basis leading up to and including the date of the filing of this Complaint; and

(d) Plaintiff should be immediately will full back pay, full seniority, full work credit, full reinstatement of retirement benefits and any other in full; alternatively, fully compensate for all economic harm and consequential damages he has and will experience as result of this unlawful termination, including lost retirement benefits though age seventy (70);

(e) Plaintiff has been forced to incur reasonable and necessary attorneys' fees and cost to vindicate his rights and good name. Accordingly, Defendant CCSF must Pay Plaintiff his attorneys' fees and costs to date plus a multiplier that the Court deems fair and just.

103M591516446.tif - 1/8/2014 3:19:56 PM

1       (f)     Defendants are further enjoined not to terminate Plaintiff from his reinstated

2  employment before Plaintiff's seventieth (70th) birthday, if Defendants agrees to reinstate

3  Plaintiff with full back benefits and retirement accrual;

4       (g)     Defendant CCSF must retract, and order the retraction of, all untrue and hurtful

5  claims again Plaintiff that were defamatory and present with an unequivocal written apology;

6  and

7       WHEREFORE, Plaintiff prays for relief as set forth herein.

8

9                      **PRAYER FOR RELIEF**

10       WHEREFORE, Plaintiff Livio "Rob" Rossi, prays judgment against Defendants, and

11  each of them, as follows:

12       1.     General and special damages in an amount according to proof, but in excess of the

13  jurisdictional limit of this Court.

14       2.     Declaratory and injunctive relief as claimed above;

15       3.     Reinstatement in full including

16       4.     Full backpay, full front pay, fronting reimbursement of lost benefits and

17  retirement     accrual through age seventy (70);

18       5.     Attorneys fees and costs of litigation, and multiplier, according to proof and as

19  the law allows [California Code of Civil Procedure §1021.5; California Government Code

20  §12940, et seq; California Labor Code §2968];

21       6.     Declaratory and injunctive relief;

22       7.     Punitive and exemplary damages against Defendants Balestrieri, Henzi and

23  Medieta;

24       8.     Statutory penalties and interest as allowed under the law; and,

25       9.     Such other and further relief as the Court deems just and proper.

26

27       DATED: January 8, 2014     SHEA LAW OFFICES

28

103M591516596.tif - 1/8/2014 3:21:58 PM

1

2    Mary Shea Hagebols

3

4    Attorneys for Plaintiff Livio "Rob" Rossi

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 26 -
COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2

3    Plaintiff Livio "Rob" Rossi demands a jury trial.

4

5    DATED: January 8, 2014    SHEA LAW OFFICES

6

7

8    Mary Shea Hagebols

9    Attorneys for Plaintiff Livio "Rob" Rossi

10

4813-0142-2598, v. 1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 27 -
COMPLAINT FOR DAMAGES

Exhibit B

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   ELIZABETH S. SALVESON, State Bar #83788
    Chief Labor Attorney
3   ANDREW GSCHWIND, State Bar #231700
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, Fifth Floor
5   San Francisco, California 94102-5408
    Telephone:     (415) 554-3973
6   Facsimile:     (415) 554-4248
7   Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SAN FRANCISCO

11                      UNLIMITED JURISDICTION

12   LIVIO "ROB" ROSSI,                    Case No. CGC-14-536678

13          Plaintiff,                     **ANSWER OF DEFENDANT CITY AND
                                           COUNTY OF SAN FRANCISCO**
14          vs.
                                           Date action filed: Mar. 24, 2014
15   CITY AND COUNTY OF SAN
     FRANCISCO, CHRISTINA
16   BALESTRIERI, an individual, ERNIE
     MENDIETA, an individual, CHRISTY
17   HENZI, an individual, and DOES 1 through
     20,
18
            Defendant(s).
19

20

21

22          Defendant City and County of San Francisco (the "City") hereby responds to Plaintiff Livio

23   Rossi's Complaint for Damages, filed on January 8, 2014, as follows:  The City generally denies each

24   and every allegation thereof and further denies that Plaintiff has been or will be damaged in any sum

     or at all.

25

26

27

28

ANSWER TO COMPLAINT    Case No. CGC-14-536678        1        n:\labor\li2014\141278\00931620.doc

## AFFIRMATIVE DEFENSES

The City asserts the following separate affirmative defenses to the Complaint, without conceding that the City has the burden of persuasion or the burden of proof as to any affirmative defense set forth herein:

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action, or claim, contained therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action, or claim, contained therein, is barred by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed, in whole or in part, to exhaust her administrative, judicial, and/or contractual remedies in a timely manner.

### FOURTH AFFIRMATIVE DEFENSE

The City asserts the various absolute and qualified immunities conferred upon it as a public entity, either directly or indirectly, pursuant to the United States Constitution and the California Government Code and other applicable provisions of federal and state common and/or statutory laws, including but not limited to those contained in Division 3.6 of Title 1 of the California Government Code, such as agency immunity pursuant to Government Code §§ 815, 815.2, 818, 818.2, 818.8; immunity from liability for intentional torts pursuant to Government Code § 815.3; discretionary immunity pursuant to Government Code § 820.2; prosecutorial immunity pursuant to Government Code § 821.6; and other immunities pursuant to Government Code §§ 820.4 and 820.8.

### FIFTH AFFIRMATIVE DEFENSE

At all times and places alleged in the Complaint, the City acted in good faith, without malice or a fraudulent intent, and in conformity with and reliance upon applicable policies, procedures, regulations and laws.

### SIXTH AFFIRMATIVE DEFENSE

Any and all employment actions taken with respect to Plaintiff were not based on any discriminatory motive or in retaliation for any activity engaged in by Plaintiff, or based on any other improper or illegal consideration, but rather were based on one or more legitimate, sufficient, non-discriminatory and non-retaliatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any injury or damage suffered by Plaintiff was caused by the intentional, reckless or negligent acts, omissions and/or misconduct of Plaintiff or a third party.

### EIGHTH AFFIRMATIVE DEFENSE

This action and each and every claim alleged herein is barred by the doctrines of res judicata and/or collateral estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to use due diligence to mitigate his/her damages, if any, as required by law.

### TENTH AFFIRMATIVE DEFENSE

At all times and places alleged in the Complaint, the City's actions were privileged and/or justified under applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

The City is a public entity and, as such, it is immune from exemplary or punitive damages under sections 818 and 825 of the California Government Code.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action therein, are barred by the exclusive remedy of the workers' compensation law because the Workers Compensation Appeals Board has exclusive jurisdiction over any claim by Plaintiff for injuries to health, including but not limited to any claim of emotional distress or physical injuries, and any claim for injuries incurred in the examination, treatment or care of any such emotional distress or injuries, and any such injuries arose out of and were sustained during the course and scope of Plaintiff's employment and were proximately caused by that employment.

1

2

### THIRTEENTH AFFIRMATIVE DEFENSE

The actions complained of by Plaintiff were done, in whole or in part, pursuant to a bona fide
seniority and/or merit system.

3

4

### FOURTEENTH AFFIRMATIVE DEFENSE

There are alternative adequate legal remedies available to Plaintiff and there is no danger of
irreparable harm.

5

6

7

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the jurisdictional prerequisites to maintaining this lawsuit
under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, the California Fair Employment and
Housing Act, and the California Government Tort Claims Act (California Government Code §910 et
seq.).

8

9

10

11

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the relief sought by Plaintiff is barred by the doctrine of unclean hands.

12

13

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent any acts or omissions were based on discriminatory or retaliatory reasons or
animus or any other wrongful or improper reason (which the City denies), the City promptly took all
reasonable and necessary steps to remedy any discrimination, retaliation, or any other alleged
wrongful or inappropriate conduct.

14

15

16

17

18

### EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any recovery, the City is entitled to set off any prior recoveries,
compensation, or benefits Plaintiff may have received in connection with the injuries or claims
identified in this case and/or any collateral sources, including but not limited to having Plaintiff's
recovery reduced as provided in Government Code § 985.

19

20

21

22

23

### NINETEENTH AFFIRMATIVE DEFENSE

The City is not liable under the provisions of California Government Code §§ 815, 815.2
820.2, and/or 820.4, and other applicable provisions of law and each of it, in that any damage to
Plaintiff as alleged in Complaint would have resulted from acts or omissions committed in the exercise
of discretion vested in public employees.

24

25

26

27

28

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims include any allegation that the City failed to reasonably accommodate any alleged disability of Plaintiff, the City asserts that Plaintiff has not requested an accommodation, and/or to the extent that he requested such an accommodation, the requested accommodation was unreasonable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims include any allegation that the City failed to reasonably accommodate any alleged disability of Plaintiff, the City asserts that it would be an undue hardship to accommodate Plaintiff and/or that its actions were made to prevent a potential direct threat to the health and safety of Plaintiff and/or others.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

All employment standards applied and/or actions taken by the City with respect to Plaintiff were job-related and consistent with business necessity.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the claim presentation requirements of California Government Code § 910 et seq. and other applicable claims presentation requirements.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has waived any right he would have otherwise had to assert his/her claims in the Complaint and/or the relief he seeks.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by his/her conduct from asserting any claim against Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the relief sought by Plaintiff is barred by the doctrine of laches.

Because the Complaint is couched in vague, conclusory terms, the City cannot fully anticipate all affirmative defenses that may apply in this case.  Accordingly, the City reserves the right to assert additional affirmative defenses in this litigation as warranted.

1  WHEREFORE, the City prays for judgment as follows:

2  1. That judgment be awarded for the City;

3  2. That Plaintiff's prayer for monetary damages and equitable relief be denied;

4  3. That Plaintiff take nothing by this action;

5  4. That the City be awarded their costs of suit, including attorney's fees; and

6  5. That the Court order such other and further relief for the City as the Court may deem

7 just and proper.

8 Dated:  June 4, 2014

9

10       DENNIS J. HERRERA
        City Attorney
        ELIZABETH S. SALVESON

11       Chief Labor Attorney
        ANDREW GSCHWIND

12       Deputy City Attorney

13     By:_____

14       ANDREW GSCHWIND

15       Attorneys for Defendant
        CITY AND COUNTY OF SAN FRANCISCO

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
*Livio "Rob" Rossi v. CCSF, et al.*
File No. 141278

I, DEBRA GRIFFIN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On June 4, 2014, I served the following document(s):

**ANSWER OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO**

on the following persons at the locations specified:

Mary Shea Hagebols                          ATTORNEYS FOR PLAINTIFF
Shea Law Offices
1814 Franklin Street, Suite 800
Oakland, CA  94612
Tel:  510-208-4422

in the manner indicated below:

☒       **BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed June 4, 2014, at San Francisco, California.

*Debra Griffin*
DEBRA GRIFFIN

PROOF OF SERVICE       CASE NO. CGC 14-536678                    n:\labor\li2014\141278\00931643.doc